People v Blackmon (2022 NY Slip Op 04676)

People v Blackmon

2022 NY Slip Op 04676

Decided on July 21, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 21, 2022

112550
[*1]The People of the State of New York, Respondent,
v
Mark A. Blackmon, Appellant.

Calendar Date:June 17, 2022

Before:Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Fisher, JJ.

Michael T. Baker, Public Defender, Binghamton (Alison C. Gachter of counsel), for appellant.
Michael A. Korchak, District Attorney, Binghamton (Rita M. Basile of counsel), for respondent.

Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered July 10, 2020, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.
Pursuant to a plea agreement, defendant pleaded guilty to robbery in the second degree as charged in an indictment. In exchange, County Court committed to a sentencing cap of five years, with a minimum sentence of 3½ years, to be followed by a period of postrelease supervision of no more than three years. At sentencing, the court imposed a prison sentence of five years, to be followed by three years of postrelease supervision. Defendant appeals.
Defendant argues that the sentence is harsh and excessive given that this, his first violent felony, was an act of desperation motivated by his fear that his family would be evicted. He also cites his significant substance abuse history, education and work history. County Court took these factors into account, as well as defendant's admitted conduct in robbing a restaurant while masked and pointing a gun at the traumatized employees, who were forced to turn over the cash in the register; defendant then directed the employees into the back room, where he forced one employee to her knees while another emptied the safe. Given the violent nature of this crime, as well as defendant's criminal history, we decline his invitation to invoke our interest of justice jurisdiction to reduce the sentence, which was significantly less than the maximum potential violent felony sentence and which we do not find to be unduly harsh or severe (see CPL 470.15 [3] [c]; [6] [b]; Penal Law § 70.02 [1] [b]; [3] [b]).
Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.